## ATLANTA NATIONAL BANK v. GEORGE.

Where a debtor to several persons had a sum of money on deposit in a bank and gave to one creditor a check for a particular sum to be paid out of the fund, and immediately afterward assigned to another all the funds in the bank to his credit, and the assignment was first presented, no recovery can be had by the assignee, against the bank, for the whole sum of the deposit because it first paid to the holder the amount represented by the check, provided the assignee at the time of the assignment knew that it was the intention of the depositor to assign only the amount left after the payment of the check. Whether such was the intention and known to the assignee were questions of fact to be determined by the jury, and they having so found, which was the second verdict for the defendant, and there being ample evidence to support such finding, and the charge on the subject being legal and pertinent, a new trial should not have been granted.

Argued December 6, 1899. — Decided January 30, 1900.

Complaint.  Before Judge Reid.  City court of Atlanta.
March 27, 1899.

*Abbott, Cox & Abbott*, for plaintiff in error.
*Candler & Thomson*, contra.

LITTLE, J.  George sued the bank, alleging that it was due
him $516.49, because of the following facts: On the 26th of
September, 1895, Archibald Wilson gave to the plaintiff an or-
der on the bank in the following words and figures: "Lithonia,
Ga., Sept. 26th, 1895.  To Cashier Atlanta National Bank:
Please pay Mr. M. M. George the amount you are due me, and
also give him my bank book; and if the Chicago check has not
come in, please place to his credit when it does come in."
[Signed] "Archibald Wilson."   By which paper the deposit
account of Wilson amounting to the sum sued for was trans-
ferred and assigned to the petitioner.   He gave notice of the
same on the 27th of September, and on said last-named day he
indorsed the written assignment and delivered it to the bank,
and the bank accepted the same, but only paid him $216.49.
The defendant denied all the allegations in the petition, and
pleaded that the paper given was made to hinder and delay the
creditors of Wilson.   It further pleaded that, previously to the
acceptance of the order, Wilson had given a check to one R. W.
Milner for the sum of $300 on the fund in the bank, which was
paid, leaving only to the credit of Wilson in the bank the
said sum of $216.49, which it paid over on said order to the
plaintiff.   The main question of fact to be determined by the
jury was, whether or not at the time Wilson gave the order to
George the latter was informed that previously to the execution
of the order Wilson had executed and delivered to Milner a
check on the fund for $300, in payment of certain claims held
against him by Milner.   The plaintiff testified that he had no
knowledge of that fact; that Wilson owed his firm an account
of about $800, and that he accepted the order assigning the de-
posit account as a credit on said debt, in good faith and without
any knowledge that the fund had previously been drawn on;
that early the next morning, and before the opening of the bank,
he presented the order, and at the request of the bank officials in-

dorsed it and was told when the bank opened he could get the amount to Wilson's credit, whatever that was. In the meantime, however, the check for $300 was presented and paid out of the fund. Wilson, on the contrary, testified that at the time he drew the check in favor of the plaintiff he notified him that he had, a short time before, made a check in favor of Milner for the sum of $300 and that he wrote the order in favor of George to cover the balance to his credit, without stating any given sum, because he was not certain what balance would remain to his credit after the payment of the check for $300. There was other evidence supporting the contention of the parties on this issue. The jury returned a verdict for the defendant. The plaintiff made a motion for a new trial on various grounds, and, after consideration, the court granted a new trial, which was the second, on the ground that the verdict was without evidence to support it, and on the further ground that the court committed error as alleged in the 6th ground of the motion. The defendant excepted, and we are to determine whether or not the court erred in granting the new trial.

We are of the opinion that it did. If George accepted the order from Wilson with knowledge that the latter had previously drawn on the fund to the amount of $300, and that it was the intention of. Wilson to transfer and assign to him the amount on deposit to his credit in the bank, less the sum of $300, then under no circumstances was he entitled to receive, on the order given, any greater amount than that which remained after the payment of check for $300. Whether this was so or not was a question of fact. Wilson in clear and explicit terms testified that he gave the check early in the evening; that later George called on him, and he explained to him that he had drawn a check on the fund, and talked the matter over with him, and after giving him the information he executed and delivered the order upon which the suit is founded. This evidence, if the jury believed it—and they had the right to do so—was amply sufficient to authorize a verdict for the defendant. The charge of which complaint is made, as set out in the 6th ground of the motion, is as follows: "If the jury believes from the evidence that at the time Mr. Wilson gave.

the order to Mr. George he stated to Mr. George that he had given the $300 check to Mr. Milner, and it was the intention of Wilson, and this intention was known to Mr. George, to give the order for the balance of the account after the payment of the three hundred dollars, then and in that event the plaintiff could not recover, but you should find for the defendant. That is to say, gentlemen of the jury, on that issue, if Mr. George took this paper with notice that Mr. Wilson had already given a check on this fund for $300 to Mr. Milner with the intention that the check should be paid out of the fund, and Mr. George knew that, then the bank had the right to pay that check as against that order, and having already paid to Mr. George $216.49, the balance of the deposit account, the plaintiff would not have the right to recover in this case." We see no objection whatever to this charge. It is clear, legal, and pertinent, and in our opinion was a proper charge to be given. We find nothing in the grounds of the motion not mentioned in the order of the judge which requires the verdict to be set aside, and we think that the judge committed error in granting a new trial on the grounds specifically mentioned in his order; and while this court is reluctant to interfere with the discretion of a trial judge in setting aside a verdict, we are constrained to rule that as in our judgment the verdict rendered by the jury was amply supported by the evidence, and the charge of which complaint is made was legal and proper, the verdict, being the second one in favor of the defendant, should have been allowed to stand. *Judgment reversed. All the Justices concurring.*